UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA S.,<br><br>                Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | CASE NO. 2:19-cv-01323-BAT<br><br>**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS** |

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the Court should remand the case for futher proceedings because the ALJ erroneously (1) found at step two Chronic Fatigue Syndrome (CFS) is not a severe impairment; (2) found plaintiff's mental health condictions do not meet or equal the requirements of the Listing 12.04 or 12.06; (3) misevaluated the opinions of examing doctor David Mashburn, Ph.D., and plaintiff's testimony about the severity of her impariments; and (4) consequently rendered a Residual Functional Capcity (RFC) determination that does not account for the full extent of all of plaintiff's limitations on her ability to perform gainful work.

    For the reasons set forth below, the Court **REVERSES** the Commissioner's final decision and **RE on heMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**DISCUSSION**

**A.     Step Two - Chronic Fatigue Syndrome**

At step two the ALJ found CFS is not a medically determinable impairment because, among other things, the record does not contain a medical diagnosis that meets the requirements of SSR 14-1p. Tr. 18. Plaintiff argues the ALJ erred because another ALJ earlier found in 2013 that CFS is a severe impairment, CFS is mentioned in her medical records' problem lists, and her records show she has long complained of fatigue problems. Dkt. 10 at 3-5. Plaintiff's arguments fail. The prior ALJ's finding was based upon an SSR not applicable here. While SSRs do not have the force of law, they "constitute Social Security Administration (SSA) interpretations of the statute it administers and of its own regulations," and are binding on all SSA adjudicators. 20 C.F.R. § 402.35(b); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001). The Court gives such rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

SSR 14-1p was promulgated in 2014, and governs this case. The ALJ applied this SSR which requires for CFS to be deemed medically determinable, there must be medical evidence establishing certain diagnostic symptoms; a claimant's statements or symptoms alone are insufficient. The record here contains references to CFS but does not contain a medical diagnosis based upon diagnostic symptoms that meet the criterial set forth in SSR 14-1p. Thus the Court cannot say the ALJ unreasonably found CFS is not a medically determinable condition at step two.

The ALJ gave other reasons as to why CFS is not medically determinable but even assuming the other reasons are erroneous, the error is harmless because as noted above the ALJ

gave a valid supported by substantial evidence. The Court accordingly affirms the ALJ's step two finding that CFS is not a severe impairment.

**B.      Dr. Mashburn**

Plaintiff contends the ALJ erred in rejecting Dr. Mashburn's assessment of "an overall severity rating of marked." Tr. 25. The ALJ rejected the opinion first finding plaintiff's mental status exam (MSE) was "normal in terms of orientation, perception, memory, fund of knowledge and abstract thought," and "insight and judgment were only mildly impaired." *Id.* The ALJ's assessment of Dr. Mashburn's opinion is impermissible selective. Dr. Mashburn noted in the MSE plaintiff appeared "tense," that her attitude and behavior was "anxious," and that her mood and affect were "depressed and anxious all the time." Tr. 585. He further noted in the MSE plaintiff's thought process and content, concentration, were not within normal limits, and her insight and judgment were not within normal limits "Mild." *Id.* Hence the ALJ impermissibly downplayed the abnormal findings contained in plaintiff's MSE and focused only on the normal findings.

Moreover, Dr. Mashburn did not opine plaintiff had concentration, memory or perception limitations that preclud work. Rather he opined plaintiff was mildly or not at all impaired in her ability to understand, remember, and persists in tasks following very short and simple instructions and moderately impaired in her ability to perform such tasks following detailed instructions. Tr. 584. Hence the MSE results and the doctor's opinion are consistent, not inconsistent as the ALJ found.

In reviewing Dr. Mashburn's entire assessment, it indicates plaintiff's limitations flow from anxiety and depression, rather than a cognitive deficit such as concentration, ability to understand, memory, fund of knowledge or perception. Dr. Mashburn noted under anxiety that

"catestophic thinking rules her mind most of the time," and under depression "severe-See Hamilton rating." Tr. 583. The ALJ did not provide a basis to reject Dr. Mashburn's opinions about the impact of anxiety and depression on plaintiff's functioning and instead focused on MSE findings which do not contradict Dr. Mashburn's opinion that plaintiff has the cognitive ability to perform some work.

The ALJ also rejected Dr. Mashburn's opinion because he noted "plaintiff reported and demonstrated mental fog" but did not explain "the actions by which the claimant demonstrated this." Tr. 26. However, as noted above Dr. Mashburn did not opine plaintiff has concentration, perception or memory limiations precluding work. Rather he opined she was mildly or not at all impaired in her ability to understand, remember, and persists in tasks following very short and simple instructions and moderately impaired in her ability to perform such tasks following detailed instructions. Tr. 584. The doctor's failure to explain plaintiff's mental fog is not grounds to reject his opinions.

The ALJ further rejected Dr. Mashburn's opinion because plaintiff was alert and had normal cognition when she saw treatment providers and Dr. Mashburn did not investigate whether plaintiff's mental fog was caused by marijuana use. Again, the ALJ's focus on plaintiff's mental acuity and cognition is misplaced. Dr. Mashburn found plaintiff has the cognitive ability to perform some work, despite being aware of plaintiff's complaints of mental fog and her daily use of marijuana. Tr. 582. Dr. Mashburn's opinion thus is consonant with the ALJ's finding plaintiff has sufficient "cognition" Tr. 26, to perform some work.

For these reasons the Court finds the ALJ harmfully erred in rejecting Dr. Mashburn's opinions.

**C.    Listing 12.04 and 12.06**

Plaintiff contends the ALJ erred in failing to she meets the requirements of Listing 12.04 and 12.06. In specific she contends the ALJ erroneously found she does not meet the criteria set forth in "Paragraph B." However, as the Commissioner points out, the ALJ's finding is reasonably supported by the medical record which indicates that plaintiff on many occasions had mostly normal mental status examinations. Dkt. 13 at 4. Plaintiff presents an alternative interpretation of the record but because the Court cannot say the ALJ's determination is unreasonable, the Court affirms the ALJ's finding.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the opinions of Dr. Mashburn, develop the record and redetermine plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 6th day of April, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge